**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**James Leroy GORMAN, Defendant—
Appellant.**

No. 02–10102.

D.C. No. CR–01–00007–HDM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 2003.

Decided Feb. 5, 2003.

Before SCHROEDER, Chief Judge, NOONAN and CLIFTON, Circuit Judges.

### MEMORANDUM *

James Leroy Gorman appeals his 2001 conviction by jury trial of use of interstate commerce facilities in the commission of murder-for-hire in violation of 18 U.S.C. § 1958 for attempting to hire someone to kill his teenage daughter. Gorman challenges his conviction on double jeopardy grounds and his sentence as a violation of due process and the Sixth Amendment right to trial. With respect to both the conviction and sentence, we affirm.

Because the parties are familiar with the facts, we recite them only as necessary.

Double jeopardy claims are reviewed de novo. *See United States v. Patterson,* 292 F.3d 615, 622 (9th Cir.2002). The constitutionality of the Sentencing Guidelines is a question of law reviewed de novo. *See United States v. Mezas de Jesus,* 217 F.3d 638, 642 (9th Cir.2000).

■ Gorman asserts that the trial in which he was convicted was barred by the Double Jeopardy Clause of the Fifth Amendment because he had already been tried once before in a proceeding that ended in a mistrial. The mistrial was granted at the request of the defendant, however. "Where a mistrial has been declared at the request of the defendant, the Double Jeopardy Clause is no bar to retrial unless the defendant can show that the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial." *United States v. McKoy,* 78 F.3d 446, 449 (9th Cir.1996), *cert. denied,* 519 U.S. 817, 117 S.Ct. 67, 136 L.Ed.2d 28 (1996) (internal quotations and citations omitted). Here, the district court specifically stated that

there was no indication that the case was going poorly for the government or that the prosecution stood to gain a tactical advantage as a result of the mistrial. That finding was not clearly erroneous.

Gorman contends that the mistrial was, in fact, non-consensual because he assented only to a mistrial with prejudice, and the district court granted the mistrial without prejudice. But the record does not indicate any evidence to support Gorman's claim that his consent was predicated on the mistrial being granted with prejudice. When the district court announced its decision, it clearly indicated that the mistrial would be without prejudice, and Gorman failed to object or indicate any opposition to that action.

Gorman also challenges his sentence under the Due Process Clause of the Fifth Amendment and the Sixth Amendment right to trial. The murder-for-hire statute (18 U.S.C. § 1958(a)) caps the sentence of imprisonment at "not more than ten years," while the Sentencing Guidelines (U.S.S.G. § 2E1.4) mandate a minimum sentence with a base level of 32, which translates into a minimum sentence of ten years. Thus, the two ranges of sentences meet at a point of tangency of ten years. Gorman was given a sentence of ten years. Though that sentence did not exceed the statutory maximum, Gorman argues that this violated due process and his right to trial, because the only way he could have received a lesser sentence was to waive his Sixth Amendment right to trial.

■ Gorman's arguments are unpersuasive for several reasons. Most directly, the Sentencing Guidelines provide for downward reductions "[i]f the defendant clearly demonstrates acceptance of his responsibility for his offense." U.S.S.G.

---

§ 3E1.1(a). The commentary to that section is explicit in noting that in some instances a defendant may qualify for a downward reduction on this ground even if he declines to plead guilty and instead exercises his constitutional right to trial. U.S.S.G. § 3E1.1, cmt. n. 2. In sentencing Gorman, however, the district judge specifically determined that such a reduction was unavailable to him, because there was no indication that Gorman was remorseful or accepted responsibility for his actions.

The district court conviction and sentence are AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.